IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 16-4230 (Lead No. 16-4168)
8:15-cr-00221-TMC-17

THE UNITED STATES OF AMERICA,

                      Plaintiff - Appellee

vs.

JAMES M. DAY, (LEAD: SHANNON ASHWORTH)

                      Defendant - Appellant

---

RESPONSE OF DEFENDANT DAY

---

Comes now undersigned counsel and responds to the United States' motion to dismiss for defendant James M. Day. The United States notes that there was a plea agreement in this case, in which Mr. Day agreed to "waive the right to contest either the conviction or the sentence in any direct appeal". (Motion p. 2). The Government also notes that it agreed to certain concessions in exchange for this plea

agreement, including giving the defendant the right to offer substantial assistance and agreeing to certain factual stipulations.

The Government also notes that the trial judge complied with Rule 11 of the Federal Rules of Criminal Procedure, that the plea agreement was summarized at the guilty plea, and that the trial judge specifically questioned the defendant about the appeal waiver. Furthermore, the Government notes that all of the the defendants in this appeal acknowledged the plea agreements, that they agreed to them voluntarily, and that they were satisfied with their attorneys. (Motion p. 2-3; ECF Document 922, pp. 31-32, 49-53, 64-70.)

After carefully reading and considering all documents of record in this case, the undersigned attorney cannot dispute that the record clearly indicates the defendant signed a plea agreement that waived his right to appeal and that the trial judge specifically questioned the defendant about that waiver after the Government read the agreement in open court. While the undersigned attorney did not represent Mr. Day at the trial level, and he has not spoken to him verbally, he has exchanged letters with Mr. Day and he cannot identify any reasons to suggest the appeal waiver was invalid.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." <u>United States</u>

v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). Based on the above facts and the clear case law in this circuit as well as from the Supreme Court of the United States, undersigned counsel cannot say that his appeal waiver was invalid.

Respectfully submitted,

June 20, 2016                    s/Derek J. Enderlin
                                 Derek J. Enderlin
                                 Ross and Enderlin, PA
                                 330 East Coffee Street
                                 Greenville, SC 29601
                                 864-527-5973
                                 derek@rossenderlin.com

## CERTIFICATE OF SERVICE

      I certify that on June 20, 2016 the foregoing document was served on the defendant via US Mail, postage prepaid, at the address listed below and served on the United States by CM/ECF to William J. Watkins, Jr., Assistant U.S. Attorney:


James M. Day - #28209-171
FCI Beckley
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 350
BEAVER, WV 25813



s/Derek J. Enderlin
Derek J. Enderlin
Ross and Enderlin, PA
330 East Coffee Street
Greenville, SC 29601
864-527-5973
derek@rossenderlin.com